ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL II

| WEST SECURITY SERVICES, INC.,<br><br>Recurrente,<br><br>v.<br><br>JUNTA DE SUBASTAS DEL MUNICIPIO AUTÓNOMO DE AIBONITO,<br><br>Recurrida. | KLRA202300247 | REVISIÓN procedente de la Junta de Subasta del Municipio Autónomo Aibonito.<br><br>Núm. subasta: 01 2023-2024.<br><br>Sobre: impugnación de subasta. |
|---|---|---|

Panel integrado por su presidente, el juez Bermúdez Torres, la jueza Romero García y el juez Monge Gómez.

Romero García, jueza ponente.

SENTENCIA

En San Juan, Puerto Rico, a 30 de junio de 2023.

La parte recurrente, West Security Services, Inc. (West), instó el presente recurso el 30 de mayo de 2023. En síntesis, solicita que revoquemos la adjudicación de la Subasta General Núm. 01 2023-2024, en su Renglón 25, sobre servicios profesionales de seguridad, realizada por la Junta de Subastas del Municipio Autónomo de Aibonito (Junta). En particular, impugna la suficiencia de la notificación de la adjudicación.

Conforme ordenado, la Junta compareció el 13 de junio de 2023, y se opuso al recurso. La licitadora agraciada no compareció.

Evaluado el recurso y la oposición al mismo a la luz del derecho aplicable, confirmamos la adjudicación de la subasta.

I

EL 13 de marzo de 2023, el Municipio Autónomo de Aibonito (Municipio) publicó el aviso de la subasta general núm. 01 2023-2024, para la adquisición de varios bienes y servicios. En lo que nos compete, el Renglón 25 de la subasta se refería a la adquisición de servicios profesionales de seguridad[1].

---

[1] *Véase*, apéndice del recurso, a la pág. 1.

En respuesta al aviso, tres corporaciones presentaron sus respectivas propuestas; a decir, West Security Services, Inc.; Unique Security Corp.; y, Sheriff Security Services, Inc. (Sheriff).

El 15 de mayo de 2023, la Junta se reunió para la evaluación y adjudicación de la subasta. Según surge de la minuta de dicha reunión[2], el Renglón 25 de la subasta fue adjudicado, mediante voto unánime, a Sheriff.

Conforme a la notificación de la adjudicación del 18 de mayo de 2023 (notificada al día siguiente)[3], el criterio que inclinó la balanza a favor de Sheriff fue como sigue:

> El día 8 de mayo de 2023, el Ing. Carlos Hernández, Director del Departamento de Obras Públicas Municipal y Miembro Ex Oficio de la Junta de Subastas[,] certificó a la Junta de Subastas[4] sobre la experiencia con el desempeño de la compañía Sheriff Security Services, Inc.[,] por los pasados tres (3) años, donde destaca la eficiencia en la prestación de servicios, un excelente grupo de oficiales, la supervisión desde el Centro de Mando del puesto por la compañía, el acceso a los reportes y la presentación de nóminas y el proceso de facturación que ha sido organizado; incluyendo el pago a sus oficiales que no hemos tenido quejas.

> Los miembros de la Junta de Subastas, en la evaluación total del renglón durante la reunión celebrada el 15 de mayo de 2023, determinan todos a favor de manera unánime que la adjudicación del ***Renglón #25 Servicios Profesionales de Seguridad*** de la Subasta General 01 2023-2024 a la empresa **Sheriff Security Services, Inc.,** <u>debido a la excelente experiencia con los servicios prestados durante los pasados tres (3) años, la eficiencia en la prestación de servicios y la excelente supervisión del puesto, al igual que el precio ofertado es razonable al mercado</u> y cumple con la Ley Núm. 47-2021, lo que beneficia los mejores intereses del Municipio Autónomo de Aibonito.

(Énfasis en el original; subrayado nuestro).

Insatisfecho con la determinación de la Junta, West instó este recurso de revisión, en el que planteó como único error que la Junta había actuado de manera arbitraria y caprichosa, y que no había satisfecho los criterios jurisprudenciales en la notificación de la adjudicación de la subasta a favor de Sheriff.

---

[2] *Véase*, apéndice de la oposición al recurso, a las págs. 2-3.

[3] *Véase*, apéndice del recurso, a las págs. 8-9.

[4] Copia de la *Certificación* emitida por el Ing. Carlos Hernández Rosario, que fuera evaluada y tomada en consideración por la Junta, fue adjuntada a la oposición al recurso, a la pág. 1 de su apéndice.

En particular, West llama la atención de este Tribunal al hecho de que el precio de los servicios a prestarse variaba entre las tres licitadoras, siendo el de West el más bajo y el de Sheriff el más alto. Es decir, West ofertó $12.89 por hora, y Sheriff, $13.59 por hora; para una diferencia de 70 centavos por hora entre ambas licitadoras[5].

En fin, West aduce que la notificación de la adjudicación no estuvo debidamente fundamentada, por lo que procede que la revoquemos.

En su oposición, la Junta apuntó que, contrario a la caracterización hecha por West en su escrito, la diferencia en precio era tan solo de 70 centavos, y que tal diferencia resultaba insubstancial, particularmente, a la luz de la experiencia tan positiva que el Municipio había tenido con los servicios profesionales de seguridad ofrecidos por Sheriff durante tres años. Por tanto, solicitó que respetáramos el criterio de la Junta.

Cual adelantado, confirmamos la determinación de la Junta.

II

A

La subasta tradicional y el requerimiento de propuestas (*request for proposals* o RFP) son los dos vehículos procesales que tanto el gobierno central como los municipios utilizan para la adquisición de bienes y servicios. *Puerto Rico Asphalt v. Junta*, 203 DPR 734, 737 (2019). A la luz de que la adjudicación de subastas gubernamentales conlleva el desembolso de fondos públicos, estos procedimientos están revestidos de un gran interés público. *Caribbean Communications v. Pol. de P.R.*, 176 DPR 978, 994 (2009). Por ello, la consideración primordial al momento de determinar quién debe resultar favorecido, debe ir acorde con el interés público de proteger los fondos del erario. *Íd.* Conforme a esto, la norma imperante es procurar conseguir los precios más económicos y evitar el favoritismo, la corrupción, el dispendio, la prevaricación, la extravagancia y el descuido al otorgarse los contratos, así como minimizar el riesgo de

---

[5] Véase, apéndice del recurso, a la pág. 8, en la que aparece la tabla de las licitadoras y los precios propuestos por cada una.

incumplimiento. *Caribbean Communications v. Pol. de P.R.*, 176 DPR, a la pág. 994.

Además, el Tribunal Supremo de Puerto Rico ha reiterado que **las agencias gozan de una amplia discreción en la evaluación de las propuestas sometidas ante su consideración**, pues estas poseen "**una vasta experiencia y especialización que la colocan en mejor posición que el foro judicial para seleccionar el postor que más convenga al interés público**." *Íd.*, a la pág. 1006 (énfasis nuestro).

Así pues, independientemente de que se trate de un procedimiento de subasta formal o de un requerimiento de propuestas, el Tribunal Supremo ha resuelto que, una vez se adjudique la buena pro, los tribunales no debemos sustituir el criterio de la agencia o junta concernida, a menos que se demuestre que la decisión se tomó de **forma arbitraria o caprichosa, o que medió fraude o mala fe**. *Íd.*

B

Sabido es que nuestro ordenamiento jurídico carece de un estatuto especial que regule los procesos de subastas. *Puerto Rico Asphalt v. Junta*, 203 DPR, a la pág. 737. Por ello, corresponde a los entes gubernamentales ejercer su poder reglamentario para establecer el procedimiento y las guías que han de seguir en las subastas para la adquisición de bienes y servicios. *Íd.*

En cuanto a los entes municipales, si bien la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*, 3 LPRA sec. 9601, *et seq.*, reglamenta ciertos aspectos de las subastas, esta legislación excluyó a los municipios de la definición de agencia. *Puerto Rico Asphalt v. Junta*, 203 DPR, a las págs. 737-738. Por ende, las subastas que los municipios celebren quedan reguladas por la Ley Núm. 107-2020, según enmendada, conocida como *Código Municipal de Puerto Rico*, 21 LPRA sec. 7001, *et seq.*

En su parte pertinente, el *Código Municipal de Puerto Rico* establece que la Junta de Subastas de cada municipio adjudicará la subasta a favor

del postor razonable más bajo cuando se trate de compras, construcción o suministros de servicios. No obstante, la Junta "podrá adjudicar a un postor que no sea necesariamente el más bajo o el más alto, según sea el caso, si con ello se beneficia el interés público". Art. 2.04(a), 21 LPRA sec. 7216. Al adjudicar la buena pro, la Junta tomará en consideración los siguientes factores:

> […] que las propuestas sean conforme a las especificaciones, los términos de entrega, la habilidad del postor para realizar y cumplir con el contrato, la responsabilidad económica del licitador, su reputación e integridad comercial, la calidad del equipo, producto o servicio y cualesquiera otras condiciones que se hayan incluido en el pliego de subasta.

21 LPRA sec. 7216.

Adicionalmente, apuntamos que la Sección 11 de la Parte II del Reglamento Núm. 8873 de 19 de diciembre de 2016, conocido como *Reglamento para la Administración Municipal de 2016*, dispone que las subastas de adquisición, construcción y suministro de servicios no profesionales se harán a favor del licitador con un buen historial de capacidad y cumplimiento, quien, a su vez, reúna los siguientes requisitos: (1) cumpla con los requisitos y condiciones de los pliegos de especificaciones; (2) que la oferta del licitador sea la más baja o, aunque no sea la más baja en precio, la calidad o la garantía ofrecidas superen a las demás, o se justifique el beneficio para el interés público de esa adjudicación. *Íd.*, a las págs. 110-111.

C

El Tribunal Supremo de Puerto Rico ha resuelto que el derecho a un debido proceso de ley exige que toda notificación de adjudicación de una subasta municipal sea adecuada; ello, en virtud del derecho a una efectiva revisión judicial. *Torres Prods. v. Junta Mun. Aguadilla*, 169 DPR 886, 893 (2007). Asimismo, ha expresado que la notificación de adjudicación que la Junta de Subastas municipal emita debe, además, incluir los fundamentos que justifican la determinación, aunque sea de manera **breve, sucinta o sumaria**. *Íd.*, a la pág. 894. De esta forma, los tribunales podemos revisar los fundamentos expuestos en la notificación de adjudicación para

determinar si la decisión fue **arbitraria, caprichosa o irrazonable**. *Torres Prods. v. Junta Mun. Aguadilla*, 169 DPR, a la pág. 894. También, se pretende evitar que una parte se vea imposibilitada de cuestionar la subasta correspondiente debido a que desconoce las razones para la determinación de la Junta, lo cual impedirá que articule fundamentos adecuados para cuestionar su proceder. *Íd.*

Ahora bien, el Tribunal Supremo también ha determinado que, si la información incluida en la notificación de adjudicación es suficiente para cumplir con el estándar mínimo de adecuacidad establecida por la jurisprudencia, la síntesis de las propuestas puede ser de forma concisa y el señalamiento de defectos de manera generalizada. *Íd.*, a la pág. 895. Esto así, pues requerir la información detallada sobre las ofertas de los licitadores desvirtuaría la razón de ser del requisito, lo cual dejaría de ser una síntesis para convertirse en un análisis detallado de cada propuesta. *Íd.* Por tanto, para que una notificación de subasta sea adecuada, como mínimo, esta debe incluir la información siguiente:

> [L]os nombres de los licitadores en la subasta y una síntesis de sus propuestas; los factores o criterios que se tomaron en cuenta para adjudicar la subasta; los defectos, si alguno, que tuvieran las propuestas de los licitadores perdidosos y la disponibilidad y el plazo para solicitar la reconsideración y la revisión judicial.

*Íd.*, que cita a *Pta. Arenas Concrete, Inc. v. J. Subastas*, 149 DPR 869, 879 (1999).

Cónsono con lo anterior, la Sección 13(3) de la Parte II del *Reglamento para la Administración Municipal de 2016* establece los siguientes criterios sobre el contenido del aviso de la adjudicación o determinación final de subastas:

> a) nombre de los licitadores; b) síntesis de las propuestas sometidas; c) factores o criterios que se tomaron en cuenta para adjudicar la subasta y razones para no adjudicar a los licitadores perdidosos; d) derecho a solicitar revisión judicial de la adjudicación o acuerdo final, ante el Tribunal de Apelaciones, y el término para ello, que es dentro del término jurisdiccional de diez (10) días contados desde el depósito en el correo de la notificación de adjudicación; e) fecha de archivo en auto de la copia de la notificación y la fecha a partir de la cual comenzará a transcurrir el término para impugnar la subasta ante el Tribunal de Apelaciones.

*Reglamento para la Administración Municipal de 2016*, Sec. 13, a la pág. 119. Véase, además, *Puerto Rico Asphalt v. Junta*, 203 DPR, a la pág. 739.

III

Según expuesto, West aduce que la Junta erró en el procedimiento de adjudicación de la subasta y en su notificación, lo que incidió en su derecho a un debido proceso de ley. Por último, alegó que el aviso de adjudicación emitido por la Junta de Subastas incumplió con los requisitos mínimos de adecuacidad establecidos por la jurisprudencia. No le asiste la razón.

En cuanto a la diferencia entre los precios ofertados, solo existe una diferencia de 70 centavos entre la propuesta más baja de West, y la propuesta más alta de Sheriff. La legislación y su jurisprudencia interpretativa, si bien favorecen la adjudicación de una subasta al postor más bajo, no prohíben la adjudicación a un postor más alto.

Conforme al *Código Municipal de Puerto Rico*, la Junta de Subastas de cada municipio adjudicará la subasta a favor del postor razonable más bajo cuando se trate de compras, construcción o suministros de servicios. Sin embargo, también aclara que la Junta "podrá adjudicar a un postor que no sea necesariamente el más bajo o el más alto, según sea el caso, si con ello se beneficia el interés público". Art. 2.04(a) del *Código Municipal de Puerto Rico*, 21 LPRA sec. 7216. Por ello, dispone para que se tomen en cuenta factores adicionales, tales como: la habilidad del postor para realizar y cumplir con el contrato, la responsabilidad económica del licitador, su reputación e integridad comercial, la calidad del equipo, producto o servicio, y cualesquiera otras condiciones que se hayan incluido en el pliego de subasta. *Íd.*

Eso es precisamente lo que ocurrió en este caso. Si bien medió una diferencia de precios, la Junta tomó en consideración la experiencia previa que había tenido con los servicios prestados por Sheriff. Este había demostrado por tres años su cumplimiento cabal con el contrato, su responsabilidad económica hacia el Municipio y hacia sus empleados, y

había desarrollado una reputación positiva en el Municipio, así como integridad comercial.

Estos factores fueron considerados por la Junta y tuvieron un peso sustancial, que inclinó la balanza a favor de la adjudicación de la subasta a favor de Sheriff. Por ello, no debemos sustituir nuestro criterio por el criterio fundamentado de la Junta.

De otra parte, el argumento articulado por West a los efectos de que la notificación de la adjudicación fue contraria a Derecho tampoco nos convence. Por el contrario, concluimos que la información incluida en la notificación de la adjudicación fue suficiente para cumplir con el estándar mínimo de adecuacidad establecida por la jurisprudencia.

Como ha establecido el Tribunal Supremo, la síntesis de las propuestas puede ser de forma concisa y el señalamiento de defectos de manera generalizada. Lo contrario, es decir, requerir la información detallada sobre las ofertas de los licitadores, desvirtuaría la razón de ser del requisito, lo cual dejaría de ser una síntesis para convertirse en un análisis detallado de cada propuesta. *Torres Prods. v. Junta Mun. Aguadilla*, 169 DPR, a la pág. 895.

En este caso, la notificación de la adjudicación de la subasta incluyó los requisitos mínimos exigidos por la jurisprudencia: los nombres de los licitadores y una síntesis de sus propuestas; los factores o criterios que se tomaron en cuenta para adjudicar la subasta; y, el plazo para solicitar la reconsideración y la revisión judicial. Ello coincide, además, con los criterios exigidos por la Sección 13(3) de la Parte II del *Reglamento para la Administración Municipal de 2016.*

En fin, no atisbamos indició alguno de que la Junta hubiera errado en la adjudicación de la subasta a favor de West, ni en la notificación de dicha adjudicación. Ambas estuvieron debidamente fundamentadas y no reflejan arbitrariedad, capricho o irracionalidad alguna, por lo que se impone su confirmación.

IV

En méritos de los hechos y el derecho antes expuestos, confirmamos la adjudicación de la Subasta General 01 2023-2024, en su Renglón 25, notificada conforme a Derecho el 19 de mayo de 2023, por la Junta de Subastas del Municipio Autónomo de Aibonito.

Notifíquese.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones